**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA THOMAS FRIAR, | No. 21-35483 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00428-AA |
| v. | |
| COLLETTE PETERS; HEIDI STEWARD; TYLER BLEWETT; KEVIN JACKSON; J. STARK; JEFF DARCY; DOES, John and/or Jane, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Oregon state prisoner Joshua Thomas Friar appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference related to the inadequacy of the prison ventilation system during

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exposure to wildfire smoke.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Friar's action because Friar failed to allege facts sufficient to establish that prison officials were deliberately indifferent to an excessive risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . .").

**AFFIRMED.**